SLR:EB:CSK
F. #200V0198
anthonydegennaro.pof.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -    **FILED**
        IN CLERK'S OFFICE
    U.S. DISTRICT COURT E.D.N.Y.
    ★   MAI 13, 2005  ★

ANTHONY DEGENNARO,
          P.M. _____
    Defendant **TIME A.M.** _____

CONSENT ORDER OF
CRIMINAL FORFEITURE

CR 01-1191 (S-1)(DGT)

- - - - - - - - - - - - - - - - - X

WHEREAS, in the above-captioned criminal action, the United

States of America sought the forfeiture of specific properties,

or in the alternative, substitute assets, of the defendant

ANTHONY DEGENNARO pursuant to 18 U.S.C. § 1963; and

WHEREAS, on March 28, 2003, the Defendant ANTHONY DEGENNARO,

entered a plea agreement with the United States, and agreed,

*inter alia*, to plead guilty to Count Two of the Superceding

Indictment charging him with racketeering in violation of 18

U.S.C. § 1962(c); and

WHEREAS, the Defendant ANTHONY DEGENNARO, *inter alia*, has,

as part of his plea agreement with the United States, agreed to

the entry of an Order of Forfeiture against him, and to forfeit

to the United States all right, title and interest in  properties

c/M

2

constituting or derived from proceeds traceable to the offenses

contained in Count Two of the Superceding Indictment; and

WHEREAS on March 28, 2003 this Court accepted the

Defendant's guilty plea; and

WHEREAS, by virtue of the Defendant ANTHONY DEGENNARO having

pled guilty and waived all his constitutional, legal and

equitable defenses and rights to the forfeiture allegation of the

Superceding Indictment, the United States is now entitled to

possession of the forfeited property, pursuant to 18 U.S.C. §

1963 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    Pursuant to 18 U.S.C. § 1963 and Fed. R. Crim. P. 32.2,

the Plea Agreement, and guilty plea, which have been accepted by

this Court, the Defendant, ANTHONY DEGENNARO, agrees

to the entry of a forfeiture money judgment in favor of the

United States in the amount of $398,750.00 ("the Forfeiture

Judgment").

2.    The Defendant shall pay a total of $398,750.00 which

shall constitute payment on the Forfeiture Judgment.   All

payments on the Forfeiture Judgment, shall be made by bank or

certified check payable to the "United States Marshal's Service

for the Eastern District of New York."   The United States

Marshal's Service for the Eastern District of New York is hereby

authorized to deposit any and all amounts paid as against the

3

Forfeiture Judgment into an interest-bearing escrow account pending further order of the Court.

3.   In satisfaction of the Forfeiture Judgment the Defendant hereby shall forfeit to the United States of America the following Forfeited Assets:

(1)   all funds or other monetary instruments on deposit or credited to Certificate of Deposit Account No. 0565428133, in the name of SUSAN DEGENNARO, located at Sovereign Bank, and any proceeds traceable thereto;

(2)   the premises and real property, together with the buildings, appurtenances, improvements, fixtures, attachments and easements, located at 101 Regis Drive, Staten Island, New York described in the land records of Richmond County, New York as Block 1657, Lot 85, held in the name of ANTHONY DEGENNARO and SUSAN DEGENNARO; and

(3)   all funds or other monetary instruments on deposit or credited to or through Salomon Smith Barney Account Nos. 681-64797-18 237, 681-64780-17 237, 681-03487-11 237, 681- 03485-13 237, 681-03484-14 237, and any and all other related accounts held in the name of ANTHONY DEGENNARO and SUSAN DEGENNARO, individually or jointly, in an amount up to at least Ninety Three Thousand Seven Hundred and Fifty Dollars ($93,750.00) (i.e.: in the event the funds in all such Salomon Smith Barney Accounts are less than $93,750.00 Defendant shall remain liable to the United States for the difference).

4.   The Defendant further shall forfeit to the United States of America any and all interest in Local One of the International Union of Elevator Constructors, including, but not limited to, defendant's union membership and any right, title, interest, benefits and privileges associated therewith.

4

5.   In the alternative, and pursuant to 18 U.S.C. § 1963, the terms of the Plea Agreement, the United States is hereby authorized to seize other property of the Defendant's necessary to satisfy the Forfeiture Judgment, and upon seizure, such property shall be forfeited to the United States for disposition in accordance with the provisions set forth above.

6.   Upon the Forfeiture Judgement being fully and completely satisfied, the Restraining Order signed by this Court, dated February 5, 2002, against any remaining assets of the defendant Anthony DeGennaro shall be released.

7.   In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853 (n)(1), the United States Marshal's Service shall publish notice of this Order and of the intent to dispose of the property in such a manner as the United States Marshal may direct.   Such notice shall be published in accordance with the custom and practice in this district, in a newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier.   Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right,

5

title and interest in the property, and any additional facts supporting such petition.

8. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

9. Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

10. In accordance with Fed. R. Crim. P. 32.2 (c)(1)(B), the Government is hereby authorized to conduct discovery necessary to help identify, locate or dispose of the subject property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

6

11.   Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing,
a Final Order of Forfeiture shall be made a part of the
Defendant's sentence and included in the final Judgment.

**IT IS SO ORDERED**:

Dated: Brooklyn, New York
       April 12, 2005

                                   s/David G. Trager
                              HONORABLE DAVID G. TRAGER
                              UNITED STATES DISTRICT JUDGE

SIR:

**PLEASE TAKE NOTICE** that the within will be

presented for settlement and signature to the Clerk

of the United States District Court in his office at the

**UNITED STATES DISTRICT COURT U.S. Courthouse,**

225 Cadman Plaza East, **EASTERN DISTRICT OF NEW**

**YORK**

Brooklyn, New York, on the _____ day of _____

20____, at 10:30 o'clock in the forenoon.

Dated: Brooklyn New York,

_____ ,20

United States Attorney,

Attorney for _____

To:

_____

Attorney for _____

SIR:

**PLEASE TAKE NOTICE** that the within is a

true copy of _____

on the _____ day of _____

_____,in the office of the Clerk of

the Eastern District of New York,

duly entered herein

Dated: Brooklyn, New York

_____ , 20

United States Attorney,

Attorney for _____

To:

_____

Attorney for _____

---

Criminal Action No. 01-1191 (S-1)

**UNITED STATES DISTRICT COURT**
Eastern District of New York

_____

_____

UNITED STATES OF AMERICA,

- against -

ANTHONY DEGENNARO,

Defendant.

_____

_____

**CONSENT ORDER OF CRIMINAL FORFEITURE**

_____

_____

ROSLYNN R. MAUSKOPF
United States Attorney,
Attorney for United States of America
Office and Post Office Address,
United States Courthouse
One Pierrepont Plaza
Brooklyn, New York 11201

Dated: _____ , 20

Due service of a copy of the within _____

_____ is hereby admitted.

Dated: _____ , 20

_____

Attorney for   United States of America
CLAIRE KEDESHIAN, AUSA
(718) 254-6051